IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RANDY DODDS d/b/a BUSINESS ANALYSIS, LTD., | Case No. 8:13cv383 |
| Plaintiff, | |
| v. | |
| CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INCORPORATED, GREAT AMERICAN LIFE INSURANCE COMPANY and AMERICAN FINANCIAL GROUP, | ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| Defendants. | |

Defendants, Continental General Insurance Company, Great American Financial Resources, Inc., Great American Life Insurance Company and American Financial Group, Inc. and for their Answer to the Plaintiff's First Amended Complaint state and allege as follows:

1.  Defendants are without knowledge sufficient to admit or deny the allegations of paragraphs 1, 2 and 3 of the Amended Complaint, and therefore deny the same.

2.  Defendants admit that an Agreement was executed between Business Analysis, Ltd. ("BAL") and Continental General Insurance Company ("CGIC") authorizing BAL to solicit applications for certain insurance policies on behalf of CGIC, and further admit that CGIC's principal place of business at the time was in Omaha, Nebraska. Defendants deny the remaining allegations of paragraph 4 of the Amended Complaint.

3.  Defendants admit that Morton Dodds was authorized to engage in the

solicitation of applications for insurance and the recruitment of agents for CGIC. Defendants deny the remaining allegations of paragraph 5 of the Amended Complaint.

4.    Defendants admit that at the time the original contract was executed, CGIC had its principal place of business in Omaha, Nebraska. Defendants deny the remaining allegations of paragraph 6 of the Amended Complaint.

5.    Defendants allege that the contract at issue speaks for itself and is the best evidence of its terms and conditions and, therefore, Defendants deny the allegations of paragraph 7 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

6.    Defendants admit that Great American Life Insurance Company (GALIC) is a subsidiary of Great American Financial Resources, Inc. (GAFRI). Defendants deny the remaining allegations in paragraph 8 of the Amended Complaint, and affirmatively allege that GAFRI is a Delaware corporation with its principal place of business in Cincinnati, Ohio.

7.    Defendants admit the allegations of paragraph 9 of the Amended Complaint.

8.    Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, Defendants deny the allegations of paragraph 10 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

9.    Defendants deny the allegations of paragraph 11 of the Amended Complaint.

10.   Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, Defendants deny the allegations of

paragraph 12 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

11.     Defendants deny the allegations of paragraphs 13, 14, 15, 16 and 17 of the Amended Complaint.

12.     Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, deny the allegations of paragraph 18 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

13.     Defendants deny the allegations of paragraphs 19 and 20 of the Amended Complaint.

14.     Defendants admit that CGIC is an Ohio corporation and is engaged in the business of insurance.  CGIC denies the remaining allegations of paragraph 21 of the Amended Complaint.

15.     Defendants admit that CGIC is a wholly owned subsidiary of GAFRI and that GAFRI is a wholly owned subsidiary of American Financial Group (AFG). Defendants deny the remaining allegations of paragraph 22 of the Amended Complaint.

16.     Defendants admit that GAFRI is a wholly owned subsidiary of AFG. Defendants deny the remaining allegations of paragraph 23 of the Amended Complaint.

17.     Defendants deny the allegations of paragraph 24, 25 and 26 of the Amended Complaint.

18.     Defendants admit that CGIC filed requests for approval of insurance products with appropriate insurance commissioners.  Defendants deny the remaining allegations of Paragraph 27 of the Amended Complaint.

19.     Defendants deny the allegations of paragraph 28, 29, 30, 31, 32, and 33

of the Amended Complaint.

20. Defendants admit that Randy Dodds contacted CGIC about alleged unpaid commissions in 2011. Defendants deny the remaining allegations of paragraph 34 of the Amended Complaint.

21. Defendants deny the allegations of paragraphs 35, 36, 37, 38, and 39 of the Amended Complaint.

22. Defendants admit that Randy Dodds contacted CGIC regarding unpaid commissions. Defendants deny the remaining allegations of paragraph 40 of the Amended Complaint.

23. Defendants admit that certain payments have been made to BAL. Defendants deny the remaining allegations of paragraphs 41 and 42 of the Amended Complaint.

24. Defendants deny the allegations of paragraphs 43, 44, 45, 46, and 47 of the Amended Complaint.

25. Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, deny the allegations of paragraphs 48 and 49 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

26. Defendants admit that Dodds contacted CGIC regarding unpaid commissions. Defendants deny the remaining allegations of paragraph 50 of the Amended Complaint.

27. Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, deny the allegations of paragraph

51 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

28.   Defendants deny the allegations in paragraphs 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 of the Amended Complaint.

## COUNT I
### (BREACH OF CONTRACT)

29.   In response to paragraph 62 of the Amended Complaint, Defendants reallege and incorporate as though fully set forth herein, all of Defendants' previous admissions, denials and allegations contained in answers to paragraphs 1 through 61 of the Amended Complaint.

30.   Defendants deny the allegations in paragraphs 63, 64 and 65 of the Amended Complaint.

## COUNT II
### (TORTIOUS INTERFERENCE WITH CONTRACT)

31.   In response to paragraph 66 of the Amended Complaint, Defendants reallege and incorporate as though fully set forth herein, all of Defendants' previous admissions, denials and allegations contained in answers to paragraphs 1 through 65 of the Amended Complaint.

32.   Defendants admit that there was a contract between CGIC and BAL. Defendants deny the remaining allegations of paragraph 67 of the Amended Complaint.

33.   Defendants deny the allegations of paragraph 68, 69, 70, 71, 72 and the first paragraph numbered "73" of the Amended Complaint.

## COUNT III
### (ACCOUNTING)

34.   In response to the first paragraph numbered "74" of the Amended

Complaint, Defendants reallege and incorporate as though fully set forth herein, all of Defendants' previous admissions, denials and allegations contained in answers to paragraphs 1 through the first paragraph numbered "73" of Plaintiff's Amended Complaint.

35. Defendants deny the allegations in the second paragraph numbered "73" in Plaintiff's Amended Complaint.

36. Defendants deny the allegations in paragraph 74 and 75 of the Amended Complaint.

37. Defendants admit that Plaintiff demands an accounting in his pleading, but deny the remaining allegations of paragraph 76 of the Amended Complaint.

38. Defendants allege that the contract speaks for itself and is the best evidence of its terms and conditions and, therefore, deny the allegations of paragraph 77 of the Amended Complaint to the extent they are inconsistent with the content of the contract.

39. Defendants deny the allegations of paragraph 78 of the Amended Complaint.

<u>COUNT IV</u><br>(UNJUST ENRICHMENT)

40. In response to paragraph 79 of the Amended Complaint, Defendants reallege and incorporate as though fully set forth herein, all of Defendants' previous admissions, denials and allegations contained in answers to paragraphs 1 through 78 of the Amended Complaint.

41. Defendants deny the allegations in paragraphs 80, 81, and 82 of the Amended Complaint.

42. Defendants generally deny each and every allegation, including prayers for relief, of the Plaintiff's Amended Complaint, except for those allegations admitted in this Answer and those allegations which constitute admissions against Plaintiff's interests.

## **AFFIRMATIVE DEFENSES**

43. Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

44. Plaintiff has failed to mitigate his damages, if any.

45. Plaintiff's claims are barred by the applicable statute or statutes of limitations.

46. Plaintiff has failed to join certain third parties indispensable to this action.

47. Plaintiff's alleged damages were caused by intervening and/or superseding acts for which these Defendants are not responsible.

48. Plaintiff's claims are barred, in whole or in part, by waiver and estoppel.

49. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

50. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

51. Plaintiff's claims are barred because any harm or damages sustained were caused by plaintiff's own acts or omissions or by the acts or omissions of parties other than the Defendants.

52. Defendants have complied with all obligations to the Plaintiff, contractual or otherwise.

53. If the contract was breached, which Defendants deny, awarding plaintiff the damages alleged would result in the plaintiff being unjustly enriched.

54. Defendants' actions were justified.

55. Defendants' actions were competitive in nature and therefore they were privileged to engage in them.

56. Defendants did not engage in any wrongful, improper, malicious or otherwise unjustified conduct.

57. Defendants acted at all times with a predominant purpose of advancing their own competitive interests.

58. The Defendants owed no legal duty to Plaintiff that would prohibit the conduct alleged.

59. The damages alleged by plaintiff are speculative, uncertain, and conjectural and, therefore, may not be recovered.

60. Plaintiff is not entitled to an accounting, recovery for alleged unjust enrichment, or other equitable relief because he has adequate remedies at law.

61. Plaintiff has alleged inconsistent legal and equitable remedies, and should be required to make an election of his remedy prior to trial.

62. Punitive damages are not recoverable in this action pursuant to Neb. Const. Art. VII, § 5.

63. Alternatively, in the event Plaintiff's claim for punitive damages is not barred by the Nebraska Constitution or other applicable law, Plaintiff has failed to allege, and cannot prove, facts sufficient to meet the legal requirements for an award of punitive damages. Defendants did not act with actual malice or otherwise engage in conduct that was in willful, reckless or wanton disregard of the rights of another.

64. Any award of punitive damages would violate the Due Process Clause of applicable State and Federal Constitutions, and would be otherwise unconstitutional.

65. Plaintiff is not entitled to relief for amounts that may become due under the contract at issue in the future, or any other award for future loss.

66. Plaintiff is not the real party in interest to assert the claims made.

67. Plaintiff has released Defendants from liability for the claims alleged.

68. Plaintiff's claim for unjust enrichment is barred the by existence of a contract governing the same subject matter.

69. Defendants reserve the right to raise any additional affirmative defenses which become known or of which Defendants become aware of during the course of discovery or investigation.

WHEREFORE, Defendants respectfully request that the Amended Complaint be dismissed with prejudice at Plaintiff's cost, and for such further relief as the Court deems appropriate.

**DEFENDANTS HEREBY DEMAND TRIAL BY JURY**

Dated this 24th day of February, 2014.

        CONTINENTAL GENERAL INSURANCE COMPANY, GREAT AMERICAN FINANCIAL RESOURCES, INC., GREAT AMERICAN LIFE INSURANCE COMPANY, improperly named as GREAT AMERICAN INSURANCE COMPANY and AMERICAN FINANCIAL GROUP, INC. Defendants,

By: /s/Steven D. Davidson
    Steven D. Davidson, #18684
    Nicholas K. Rudman, #25182
of  BAIRD HOLM LLP
    1700 Farnam Street
    Suite 1500
    Omaha, NE  68102-2068
    Phone: 402-344-0500
    E-mail: sdavidson@bairdholm.com
            nrudman@bairdholm.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2014, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to counsel for the Plaintiff, as follows:

Stephen D. Marso
marso@whitfieldlaw.com

        /s/Steven D. Davidson

DOCS/1237301.1